**Date Signed:**
**May 26, 2015**



SO ORDERED

Lloyd King
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | Case No. 14-00429 |
| ) | (Chapter 11) |
| LAVERNIS ANTHONY WALKER ) | |
| and VIRGINIA FRANCES ) | Related Docket No.: 114 |
| WALKER, ) | |
| ) | <u>Confirmation Hearing</u> |
| Debtors and Debtors-in- ) | Date: May 18, 2015 |
| Possession. ) | Time: 9:30 a.m. |
| ) | Judge: The Honorable Lloyd King |
| ) | |
| ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
CONFIRMING DEBTORS' SECOND AMENDED PLAN
<u>OF REORGANIZATION DATED FEBRUARY 20, 2015</u>**

LAVERNIS ANTHONY WALKER and VIRGINIA FRANCES WALKER,

as debtors and debtors-in-possession (collectively, "Debtors"), having proposed

and filed Debtors' Second Amended Plan of Reorganization Dated February 20, 2015 (the "Plan"); the Court having conducted a hearing on May 18, 2015 (the "Confirmation Hearing") to consider confirmation of the Plan and having noted appearances at the Confirmation Hearing on the record; the Court having considered the arguments of counsel presented at the Hearing and the pleadings filed in support of confirmation; the Court being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 1011, *et seq.*, (as amended, the "Bankruptcy Code"); the Court having taken judicial notice of the entire record of the Chapter 11 case, all pleadings and papers filed by the Debtors in the Chapter 11 case, including, without limitation, the amended order entered by the Court on March 23, 2015, (a) approving Debtors' Second Amended Disclosure Statement for Second Amended Plan of Reorganization (Docket No. 127) (the "Disclosure Statement"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to consider confirmation of the Chapter 11 plan; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; upon the record of the

U.S. Bankruptcy Court - Hawaii    #14-00429    Dkt # 148    Filed 05/26/15    Page 2 of 17

Hearing, and after due deliberation thereon, and sufficient cause appearing therefor, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court hereby makes its Findings of Fact and Conclusions of Law as follows:

**FINDINGS OF FACT**

1. <u>Findings and Conclusions</u>. This constitutes the Court's conclusions of law, and the findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Debtors' Chapter 11 case maintained by the Clerk of the Court and/or its duly appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced, at the hearings held before the Court during the pendency of the Chapter 11 case.

3. <u>History and Background Regarding the Debtors</u>. The Debtors are a married couple who reside in the City and County of Honolulu, State of Hawaii, and are employed as a mortgage broker and a nurse administrator.

4. <u>Commencement of Chapter 11 Case</u>. The Debtors commenced this bankruptcy case on March 29, 2014, as a case under Chapter 7. On motion of the Debtors, the Court converted this case to one under Chapter 11 on August 14, 2014.

5. <u>Disclosure Statement and Solicitation of Plan</u>.

    a. The Debtors filed the Plan (Docket No. 114) on February 20, 2015, and on February 24, 2015, the Debtors filed their Disclosure Statement (Docket No. 119) for the Plan.

    b. On March 23, 2015, the Court entered an Amended Order Approving Debtors' Second Amended Disclosure Statement for Second Amended Plan of Reorganization Dated February 20, 2015.

    b. Thereafter, in accordance with Fed. R. Bankr. P. 3017(d), Debtors mailed copies of the Disclosure Statement, the Plan, notice of the Hearing, and a ballot for acceptance or rejection of the Plan to creditors and parties in interest as set forth in those certain Certificates of Service dated April 9, 2015 (Docket No. 132), and April 10, 2015 (Docket Nos. 133-140).

    c. The solicitation in favor of the Plan was carried out in good faith.

d. On May 11, 2015, the Debtors filed their Report of Ballots in which they indicated that they received the following percentage of votes for the Classes:

Class 1: <u>Administrative Claims</u>
Unimpaired.

Class 2: <u>Secured Creditor Wells Fargo Bank, N.A.</u>
Impaired. ACCEPTS THE PLAN.

Class 3: <u>Secured Creditor Linden River Financial LLC</u>
Impaired. ACCEPTS THE PLAN.

Class 4: <u>Secured Creditor 92-1507 Hoalii LLC</u>
No Ballot Cast.

Class 5: <u>Secured Creditor Internal Revenue Service</u>
No Ballot Cast.

Class 6: <u>Secured Creditor Department of Taxation</u>
No Ballot Cast.

Class 7: <u>Secured Creditor Ally Financial</u>
No Ballot Cast.

Class 8: <u>Secured Creditor Americredit Financial Services</u>
No Ballot Cast.

Class 9: <u>Secured Creditor Kuakini Medical & Dental FCU</u>
No Ballot Cast.

Class 10-A: <u>Priority Creditor Internal Revenue Service</u>
No Ballot Cast.

Class 10-B: <u>Priority Creditor Department of Taxation</u>
No Ballot Cast.

<pre>
              Class 11:         General Uunsecured Creditors
</pre>

*Ballots Cast*

| | | |
|---|---|---|
| Linden River Financial LLC | $335,960.14 | Accept. |
| American Savings Bank | $540.92 | Accept. |

% of Class 11 Dollar Amount Acceptances – 30.69 %
% of Acceptances Among Class 11 Creditors Who Voted – 100%

  e. On May 11, 2015, the Debtors filed their *Brief in Support of Confirmation of Debtors' Second Amended Plan of Reorganization Dated February 20, 2015*.

  6. <u>Notice was Adequate and Timely</u>.  All parties required to be provided notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, and have had an opportunity to appear and be heard with respect thereto.

  7. <u>Bankruptcy Code Requirements for Confirmation and Classification</u>. The Plan designates eleven (11) Classes of Claims (inclusive of subclasses) and one (1) Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual and legal reasons exist for

separately classifying the various Classes of Claims and Interests created undr the Plan.

    a.    The Plan specifies that Classes 1, 5 and 10 are not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan. .

    b.    The Plan designates that Classes 2, 3, 4, 6, 7, 8, 9 and 11 are impaired and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

    c.    The interest of the existing equity holders of Debtors (Class 12) will be preserved under the Plan and Class 12 is deemed to have accepted the Plan.

    d.    Votes to accept or reject the Plan have been solicited from creditors holding Claims in Classes 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Order approving the Disclosure Statement, and industry practices.

    e.    As set forth in the Report of Ballots, Classes 2, 3 and 11 voted to accept the Plan. There were no votes to reject the Plan.

U.S. Bankruptcy Court - Hawaii   #14-00429   Dkt # 148   Filed 05/26/15   Page 7 of 17

f. The Debtors are proper debtors under section 109 of the Bankruptcy Code and the Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

g. The holders of Allowed General Unsecured Claims will receive more than they would receive in a case under Chapter 7 liquidation. Under the Plan, Class 11 creditors will receive nine-point-five percent (9.5%) in 20 quarterly cash payments of $5,212.74 commencing within 30 days of the Effective Date, compared with no distribution in a hypothetical Chapter 7 case. As a result, holders of Allowed Class 11 Claims will receive more under the Plan than they would receive in a Chapter 7 liquidation.

h. The Debtors will retain their Equity Interests under the Plan.

8. <u>Adequate Means for Implementation</u>. The Plan provides adequate and proper means for the Plan's implementation. There are no assumed agreements or leases. No party to an executory contract has objected to the Plan.

9. <u>Burden of Proof Met</u>. The Debtors have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

8

# CONCLUSIONS OF LAW

1. <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. This Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C.§ 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>Section 1129(a)(1)</u>. The Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

   a. The Plan properly places substantially similar claims in each Class and designates such Classes of claims, thereby satisfying 11 U.S.C. §§ 1122 and 1123(a)(1).

   b. The Plan specifies the treatment of each Class that is not impaired, thereby satisfying 11 U.S.C. § 1123(a)(2).

   c. The Plan specifies the treatment of each Class that is impaired, thereby satisfying 11 U.S.C. § 1123(a)(3).

   d. The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying 11 U.S.C. § 1123(a)(4).

9

e. The Plan provides for the adoption and implementation of all actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to, and in accordance with, the Plan provisions, thereby satisfying 11 U.S.C. § 1123(a)(5).

f. Sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code do not apply to the Debtors.

g. The Plan provides for the payment of the Debtors' future income, thereby satisfying 11 U.S.C. § 1123(a)(8).

h. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

i. The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Fed. R. Bankr. P. 3016(a).

3. <u>Section 1129(a)(2)</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. The Debtors are proper debtors under section 109 of the Bankruptcy Code; and the Debtors have complied with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Order Approving the Disclosure Statement in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

U.S. Bankruptcy Court - Hawaii    #14-00429    Dkt # 148    Filed 05/26/15    Page 10 of 17

4. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

5. <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Debtors, the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code and other relevant law, thereby satisfying 11 U.S.C. § 1129(a)(2).

6. <u>Plan is Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The Debtors' good faith is evident from the record of this case, including the record of the hearing to approve the Disclosure Statement, the record of the Confirmation Hearing and other proceedings held in connection with the Chapter 11 case. The Plan is based upon extensive negotiations between and among the Debtor and other parties in interest, including but not limited to the holders of the first and second mortgages on the Debtors' residence. Moreover, the Plan accomplishes the goals of maximizing the Debtors' estate and equitable distribution of the Debtors' assets. Accordingly, the Plan has been filed in good faith and the Debtors have satisfied 11 U.S.C. § 1129(a)(3).

U.S. Bankruptcy Court - Hawaii   #14-00429   Dkt # 148   Filed 05/26/15   Page 11 of 17

7. <u>11 U.S.C. § 1129(a)(4)</u>. There are no payments made or promised to be made by the Debtors for services or costs and expenses in connection with the case or the Plan which have not been reviewed and/or approved by the Court. Therefore, 11 U.S.C. § 1129(a)(4) is not applicable to the Plan or has been satisfied.

8. <u>11 U.S.C. § 1129(a)(5)</u>. The Plan is regarding individual debtors and therefore 11 U.S.C. § 1129(a)(5) does not apply.

9. <u>11 U.S.C. § 1129(a)(6)</u>. The Debtors do not charge rates governed by any governmental regulatory commission. Therefore, the requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan.

10. <u>Liquidation Analysis Provided (11 U.S.C. § 1129(a)(7)</u>. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted or is deemed to accept the Plan; or, will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive under a Chapter 7 liquidation, thereby satisfying 11 U.S.C. § 1129(a)(7).

11. <u>11 U.S.C. § 1129(a)(8)</u>. Due to the failure of members of Classes 4, 6, 7, 8 and 9 (all of which are impaired) to cast any ballot for approval or rejection of the Plan, 11 U.S.C. § 1129(a)(8) has not been satisfied. Debtors therefore seek confirmation notwithstanding as permitted by 11 U.S.C. § 1129(b)(1).

12. <u>Treatment of Administrative Expense Claims and Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

13. <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. At least one impaired class of Claims, determined without including any acceptance of the Plan by any insider holding a claim of such class, has accepted the Plan, thereby satisfying 11 U.S.C. § 1129(a)(10). Specifically, Classes 2, 3 and 11 have accepted the Plan.

14. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan is feasible and further financial reorganization of the reorganized Debtors is not likely to follow confirmation of the Plan, thereby satisfying 11 U.S.C. § 1129(a)(11).

15. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under section 1930 of Title 28 of the United States Code have been paid or will be paid on the Effective Date, thereby satisfying 11 U.S.C. § 1129(a)(12).

16. <u>11 U.S.C. § 1129(a)(13))</u>. The Debtors are not obligated to pay retirement benefits as that term is defined in Bankruptcy Code § 1114. Therefore, 11 U.S.C. § 1129(a)(13) is not applicable to the Plan.

13

U.S. Bankruptcy Court - Hawaii   #14-00429   Dkt # 148   Filed 05/26/15   Page 13 of 17

17. <u>Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtors are not liable for any domestic support obligations. Therefore, 11 U.S.C. § 1129(a)(14) is not applicable to the Plan.

18. <u>Distribution of Property and Payment of Disposable Income (11 U.S.C. 1129(a)(15))</u>. All requirements regarding distribution of property and payment of disposable income by the Debtors required under 11 U.S.C. § 1129(a)(15) are satisfied under the Plan.

19. <u>11 U.S.C. § 1129(a)(16)</u>. The provisions of 11 U.S.C. § 1129(a)(16) regarding the transfer of property are not applicable to Debtors' situation.

20. <u>Section 1129(b)(1)</u>. Section 1129(b)(1) of the Bankruptcy Code states:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1129(b)(1).

21. <u>Plan Satisfies 11 U.S.C. § 1129(b)</u>. The Plan satisfies the provisions of 11 U.S.C. § 1129(b) in that the Plan is fair and equitable, does not discriminate unfairly with respect to each class of claims or interest that have not accepted the Plan; with respect to a class of unsecured claims, the Plan provides that each holder

of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property; and with respect to a class of interests, the Plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or the holder of any interest that is junior to the interests of such class will not receive or retain under the Plan on account of such junior interest any property.

     22.    <u>Plan is Fair and Equitable</u>.  The Plan satisfies 11 U.S.C. § 1129(b) because the Plan is fair and equitable and adheres to the requirements set forth in 11 U.S.C. § 1129(b)(2).

     23.    <u>Plan Does Not Discriminate Unfairly</u>.  The Plan does not discriminate unfairly among creditors or classes, and the designation of classes under the Plan is based upon the substantial similarity of all claims in each such class, is reasonable, was arrived at in good faith, and was not made for the purpose of affecting the vote

U.S. Bankruptcy Court - Hawaii   #14-00429   Dkt # 148   Filed 05/26/15   Page 15 of 17

in any such class, or for any improper purpose, thereby satisfying 11 U.S.C. §§ 1122 and 1123.

24. Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

25. Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and is worthy of confirmation.

26. Good Faith. The Debtor and all their respective attorneys and representatives, (i) have acted in good faith in negotiating, formulating and confirming the Plan, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby or incorporated therein and (b) take the actions authorized and directed or contemplated by the Plan.

27. Injunction, Exculpation, and Releases. The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the injunction, releases, and exculpations set forth in the Plan. Such provisions, in accordance with section 105(a) of the Bankruptcy Code, (i) are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code,

U.S. Bankruptcy Court - Hawaii   #14-00429   Dkt # 148   Filed 05/26/15   Page 16 of 17

(ii) confer substantial benefits on the Debtors' estate, (iii) are fair and reasonable, and (iv) are in the best interests of the Debtors, their estate, and parties in interest. Further, the exculpations and releases in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined to have constituted willful misconduct or gross negligence or the other exceptions set forth therein.

28. Entry of Confirmation Order. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

***END OF ORDER***

Submitted by:

JEAN CHRISTENSEN   8475
The Law Office of Jean Christensen LLLC
1164 Bishop Street No. 124-123
Honolulu, Hawaii 96813
Telephone: (808) 521-1202
Facsimile: (877) 524-2114
jchristensenlaw@gmail.com

Attorney for Debtors
LAVERNIS ANTHONY WALKER
and VIRGINIA FRANCES WALKER